Nash, J.
 

 In the case sent to this Court, it is stated, that the plaintiff moved to dismiss the
 
 certiorari,
 
 because the defendant, not having replevied the property levied on. was not in Court, and on the other grounds set forth in his affidavit. The first enquiry was, under the circumstances of this case, was the .defendant entitled to an appeal from the County to the Superior Court? We think he was. The Act of 1777 is very broad and, comprehensive in its terms, in granting appeals — "if any person, either plaintiff or defendant,
 
 or who shall he interested,
 
 in anjr judgment, sentence or decree of any County Court shall be dissatisfied,” &c., he may' appeal, &c. Here the defendant was a party, and the only party defendant— against him alone, the attachment issued. Before he was entitled to plead, it was necessary' he should.reple-vy, because the attachment is to compel an appearance. The judgment, from which the defendant appealed, was not one denying him the right to plead, but from one dismissing the certiorari. denying him the right to bring his case before the Superior Court in that way, because, not entitled to appeal. Under the act of 17 77, he was entitled to the. appeal. The next enquiry is, had he a right to the writ of
 
 certiorari,
 
 under the circumstances of his case? The petition states, and the answer of Britt does not deny it, that the County Court granted the appeal, upon the defendants giving bond and good sureties in the sum of $1,000, and he was unable to give the bond, in consequence of the magnitude of the sum designated. The sum was a large one, being more than doublethe amount of that demanded in the writ. Whether there was any oppression in this or not, is not now to be
 
 *201
 
 decided The defendant swears that he endeavored to procure sureties and failed, and by that inability was deprived of the right secured to him by law. But the law does not suffer any man to be deprived of his rights by fraud, accident or mistake, and the ordinary use of the writ of
 
 certiorari
 
 is to supply the place of an appeal, where a party has been deprived of it, from either of the causes, above enumerated.
 
 Brooks
 
 v. Morgan, 5 Ired. 484. The same, cause assigned here by the defendant for not availing himself, was assigned by the plaintiff in the case
 
 Trice
 
 v.
 
 Ray
 
 &
 
 Yarboro,
 
 4 Ire. 11, to-wit: inability to procure sureties to his appeal bond. But it is said, that the defendant had not sworn that he has a good de-fence to the action, or to merits. In this case we do not deem it necessary, that he should state other merits than those apparent in the record. They raise questions of law of material import in the cause, which were proper for the consideration of the Superior Court, to-wit: whether the property was not discharged by the alteration of the attachment by the magistrate, and whether the amendments were properly made in the County Court, and for the want oí a prosecution bond, after the alteration by the magistrate, besides others.
 
 Collins
 
 v.
 
 Nall,
 
 3 Dev. 224. The defendant was deprived of the remedy provided for him by the Act of 1777, by no fault of his, and the
 
 certiorari
 
 was the only mode by which he could be placed in a situation to have his cause heard.
 

 We are of opinion his Honor erred in the judgment given.
 

 Psa Curiam. Judgment reversed and cause remanded.